# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

**DAVID WOODARD,** *Individually,*
*and on behalf of himself and*
*others similarly situated,*

Plaintiff,

v.   No._____

**SOURCE PROVIDERS, INC.,** *an Ohio Corporation, and* **COMPREHENSIVE LOGISTICS CO., INC.,** *an Ohio Corporation*

**FLSA Collective Action**

**JURY DEMANDED**

Defendants.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, David Woodard ("Plaintiff"), on behalf of himself, individually, and on behalf of himself and others similarly situated as a class, files this Collective Action Complaint, averring as follows:

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Source Provider, Inc. and Comprehensive Logistics Co., Inc. d/b/a CLI and CLI Logistics, (collectively, "Defendants") on behalf of all their current and former hourly-paid employees, nationwide, who received shift differential pay and/or non-discretionary bonuses in weeks in which they worked more than forty (40) hours during the three (3) years preceding the filing of this collective action lawsuit

1

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District, was employed by Defendants to perform work in this District, and Defen dants have, and continue to, conduct business within this District during all relevant periods to this action. In addition, a substantial part of the events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this District.

## PARTIES

4. Defendant, Source Providers, Inc., is a subsidiary of Comprehensive Logistics Co., Inc., and an Ohio Corporation with its principal offices located at 4944 Belmont Avenue, Youngstown, Ohio 44505-1055. It is registered to do business in the State of Tennessee. It may be served with process via its Registered Agent: CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919 -5546.

5. Comprehensive Logistics Co., Inc., d/b/a CLI and CLI Logistics, is the parent company of Source Providers, Inc. with its principal offices also located at 4944 Belmont Avenue, Youngstown, Ohio 44505-1055. It likewise is registered to do business in the state of Tennessee. It also may be served with process via its Registered Agent: CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919 -5546.

6. Plaintiff David Woodard has been a resident of this District and worked as an

2

Case 1:19-cv-00074   Document 1   Filed 09/11/19   Page 2 of 12 PageID #: 2

hourly-paid employee while employed by Defendants within this District during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Woodard's Consent to Join this collective action is attached hereto as *Exhibit A*.

7. Defendants have operated as a "single enterprise" within the meaning of 29 U.S.C. § 203(s)(1) because they have performed related activities through unified operations and common goals for a common business purpose, during all times material to this lawsuit.

## FACTUAL BASIS FOR SUIT

8. Defendants provide warehousing and other logistics-related services in the automotive industry throughout United States, including at one such facility in Spring Hill (Maury County), Tennessee.

9. On information and belief, Defendants also have provided warehousing and other logistics-related services at facilities in the states of Illinois, Kentucky, Mississippi, Missouri, Iowa, Florida, Georgia, South Dakota, Indiana, Michigan and Ohio.

10. Plaintiff David Woodard was employed by and performed work for Defendants as an hourly-paid employee at Defendants' Spring Hill, Tennessee facility during the three (3) year period preceding the filing of this action.

11. Plaintiff and those similarly situated class members worked more than forty (40) hours within weekly pay periods during all times material, entitling them to overtime compensation for all hours worked in excess of forty (40) during such

periods.

12. Defendants have been the "employer" of Plaintiff and those similarly situated class members within the meaning of 29 U.S.C, § 203(d) at all times material to this action.

13. At all times material to this action, Plaintiff and class members have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and performed work for Defendants within the territory of the United States within three (3) years preceding the filing of this collective action.

14. At all times material to this action, Defendants have been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

15. Defendants have had a centralized timekeeping system in which Plaintiff and those similarly situated were required to "clock-in" and "clock-out" for the purpose of recording their compensable time during all times material to this action.

16. At all times material, Defendants have had a common plan, policy and practice of failing to properly include shift differential pay earned by Plaintiff and Class Members, as well as the inclusion of non-discretionary bonuses paid to them, in determining their regular hourly rate of pay in the calculation of their overtime compensation in weeks in which they worked more than forty (40) hours.

17. During all times material and, as a consequence, Plaintiff and Class Members were underpaid overtime compensation in weeks in which they worked in

excess of forty (40) hours and, simultaneously, earned shift differential pay and/or received non-discretionary bonuses in such weeks.

18. Defendants had actual as well as constructive knowledge of their aforementioned miscalculation of the overtime compensation of Plaintiff and Class Members.

19. Defendants had a duty to routinely and regularly audit their time keeping system and payroll records and, had access to the amount of hours performed by Plaintiff and Class Members each week as well as to the amount of their shift differential payments and non-discretionary bonuses received on a weekly basis, during all times material to this collective action.

20. Nonetheless, Defendants took no action to rectify their failure to include shift differential payments and non-discretionary bonuses in determining the proper regular hourly rate of pay in their calculation of the overtime compensation of Plaintiff and Class Members during applicable weekly pay periods.

21. As a result, Defendants willfully failed to compensate Plaintiff and Class Members at the applicable straight and overtime rates of pay, as required by the FLSA.

22. Defendants knew, and were aware at all relevant times that they were miscalculating and underpaying overtime compensation to Plaintiff and Class Members, without a good faith basis for such inaction.

23. As a result of Defendants' bad faith and willful failure to pay Plaintiff and Class Members in compliance with the requirements of the FLSA, Plaintiff and Class

5

Members have suffered lost wages in terms of lost overtime compensation, as well as suffered other damages.

24. The net effect of Defendants' common plan, policy and practice of miscalculating overtime compensation owed to Plaintiff and Class Members was a means to save payroll costs and payroll taxes, all for which it has unjustly enriched itself and enjoyed ill gained profits at their expense.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

26. The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid employees of Defendants who earned shift differential pay and/or received non-discretionary bonuses in weeks in which they worked in excess of forty (40) hours, anywhere in the United States within the three (3) years preceding the filing of this action through the close of the Court-determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. §216(b).[1] ("class members")

27. Plaintiff seeks to pursue his aforementioned underpaid "miscalculated" wage claims against Defendants on behalf of himself, individually, and on behalf of himself and all other similarly situated hourly-paid employees as a class.

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

28. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a centralized timekeeping system that resulted in a failure to pay Plaintiff and class members for all compensable time, as required by the FLSA.

29. Moreover, this action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendants' timekeeping, payroll and operational plans, policies and practices.

30. Likewise, Plaintiff and Class Members were subjected to Defendants' miscalculation of overtime compensation, as hereinbefore described.

31. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to Class Members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

32. Plaintiff Woodard will fairly and adequately protect the interests of Class Members as his interests are in complete alignment with those of Class Members, i.e. to prove and then eradicate Defendant's unlawful practices of miscalculating overtime compensation, as hereinbefore described.

33. Counsel for Plaintiff will adequately protect his interests as well as the interests of all Class Members.

34. Defendants knew they were not properly calculating the overtime compensation of Plaintiff and Class Members during all times material.

35. Nonetheless, they operated under such common policy, practice and plan to deprive Plaintiff and Class Members of such FLSA required overtime compensation.

36. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and Class Members.

37. Defendants' conduct was not in good faith by its failure to compensate Plaintiff and Class Members for all compensable time at the FLSA applicable overtime compensation rates of pay, as required by the FLSA.

38. Therefore, Defendants are liable to Plaintiff and Class Members under the FLSA for underpaid overtime compensation.

39. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

40. Plaintiff estimates there are several hundred members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the

class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice in all of Defendants' facilities.

41. Plaintiff and Class Members' unpaid overtime compensation claims may be determined partially by an examination of Defendants' payroll, scheduling, timekeeping, personnel and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

42. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

43. At all relative times, Plaintiff and Class Members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

44. At all relevant times, Defendants have been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a).

45. At all relevant times, Defendants employed Plaintiff and each of the Class Members consistent with the terms of the FLSA.

46. At all relevant times, Defendants have been an "employer" under the FLSA.

47. At all relevant times, Plaintiff and Class Members were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements.

48. Plaintiff and Class Members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times.

49. As a result of Defendants' common policy, practice and plan of miscalculating the overtime compensation of Plaintiff and Class Members, as hereinbefore described, they were not paid their full overtime compensation, as required by the FLSA.

50. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

51. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

52. Through its actions, policies, practices and plans, as previously described, Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all their overtime hours.

53. The foregoing conduct of Defendants violated the FLSA.

54. Defendants' conduct was willful with reckless disregard of clearly applicable FLSA provisions.

55. Defendants' actions and inactions were not in good faith.

56. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and Class Members have suffered and will continue to suffer a loss of income and other damages.

57. Therefore, Defendants are liable to Plaintiff and Class Members for actual

damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Class Members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and similarly situated employees FLSA statutory damages against Defendants;

b) Award Plaintiff and Class Members all unpaid overtime wages at the applicable overtime rate of pay against Defendants;

c) Award Plaintiff and Class Members an amount equal to their unpaid back wages against Defendants;

d) Find and declare that Defendants' violations of the FLSA were willful and, accordingly, apply the three (3) year statute of limitations under the FLSA to this action;

e) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

f) Award prejudgment interest (to the extent that liquidated damages are not awarded);

g) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

h) Award post-judgment interest and court costs as allowed by law;

i) Enter an Order designating this action as an opt-in collective action under the

FLSA;

j) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

k) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

l) Provide additional general and equitable relief to which Plaintiff and Class Members may be entitled; and

m) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

Dated: September 11, 2019

Respectfully submitted,

*s/ Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*
*nbishop@jsyc.com*

*ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED CURRENT AND FORMER EMPLOYEES*